THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WELLS FARGO TRUST COMPANY, NATIONAL ASSOCIATION, formerly known as WELLS FARGO BANK NORTHWEST, N.A., in its capacity as Trustee of the Waste MGT (Seattle) CTL Pass-Through Trust U/D/T dated as of April 21, 2014,<br><br>Plaintiff,<br>v.<br><br>JONATHAN K. MARKOFF,<br><br>Defendant. | CASE NO. C17-1862-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to compel and for attorney fees (Dkt. No. 38). Having thoroughly considered the briefing, the relevant record, the Court finds oral argument unnecessary and hereby DENIES Plaintiff's motion to compel as moot and GRANTS Plaintiffs request for attorney fees for the reasons explained herein.

**I. BACKGROUND**

Plaintiff filed this action against Defendant for damages arising from defaults on two loans, pursuant to Defendant's personal guaranty. (Dkt. No. 1 at 9–10.) On January 22, 2019, Plaintiff filed a motion to compel after Defendant failed to provide his 2014 and 2015 tax returns in discovery. (Dkt. No. 38 at 17–18.) Defendant did not respond to Plaintiff's motion, but

produced his tax returns on February 9, 2019. (Dkt. No. 40 at 2.)

Plaintiff's motion to compel also seeks attorney fees for having to file its motion to compel. (Dkt. No. 38 at 14.) Because Defendant has since produced his tax returns, the only issue before the Court is Plaintiff's request for $7,128 in attorney fees. (Dkt. No. 40 at 2.) Defendant has not opposed Plaintiff's fee request. (*Id.*)

## II. DISCUSSION

The Federal Rules of Civil Procedure require courts to award attorney fees to reimburse a party for their reasonable expenses incurred when preparing a motion to compel:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5). Here, Plaintiff is entitled to attorney fees because Defendant did not disclose his tax returns until after Plaintiff filed its motion to compel. *Id*. Plaintiff attempted in good faith to obtain the documents without the Court's involvement, as demonstrated through its discovery requests and emails with opposing counsel. (*See* Dkt. Nos. 39-2 at 5, 39-1); *see, e.g., Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (holding an award of attorney fees was proper because the movant, in good faith, "made several attempts to obtain complete responses [] to the disputed interrogatories, but such attempts were to no avail"). Further, Defendant has provided no evidence demonstrating that he was substantially justified in his nondisclosure, or that an award of fees related to the motion to compel is unjust. (Dkt. No. 40 at 2); Fed. R. Civ. P. 37(a)(5)(i)–(iii).

Given Defendant's production of the tax returns, Plaintiff's request for the returns in its

motion to compel is now MOOT. Plaintiff now requests $7,128 in attorney fees related to the motion to compel.[1] (Dkt. No. 40 at 2.) Plaintiff's supporting Declaration outlines its actual costs in preparing and filing the motion to compel, (Dkt. No. 39 at 3), and the Court FINDS the costs are reasonable.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel the Defendant's tax returns is DENIED as moot and Plaintiff's request for attorney fees incurred in preparing its motion to compel (Dkt. No. 40) is GRANTED. Defendant is ORDERED to pay Plaintiff $7,128.

DATED this 22nd day of February 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's counsel emphasizes that this award is sought from Defendant and is not intended as a sanction against Defendant's counsel. (Dkt. No. 40 at 2.)